HUGHES, J., would grant.
GENOVESE, J., would grant and assigns reasons.
The issues in this case are prescription and negligence. Thus, the standard of review is whether or not the trial court was manifestly erroneous or clearly wrong. The facts in this case present two permissible views of the evidence.
The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, such as in this case, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO , 549 So.2d 840 (La.1989). Here, the trial court's findings were reasonable. Thus, in my view, the appellate court impermissibly substituted its judgment for that of the trial court.
Additionally, with regard to the issue of prescription, there were two possible constructions. Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted.
*1200 Wells v. Zadeck , 11-1232 (La. 3/30/12) 89 So.3d 1145. That was not done in this case.
For these reasons, I would reverse the court of appeal and reinstate the trial court's judgment.